USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/22/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mohamed Musadique,

                Plaintiff,

    –v–

Merrick B. Garland, et al.,[1]

                Defendants.

19-cv-8381 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Mohamed Musadique filed this action on September 9, 2019, alleging that the U.S. Citizenship and Immigration Services unlawfully denied him an inadmissibility exemption. Before the Court is Defendants' motion to dismiss the Amended Complaint. For the reasons that follow, Defendants' motion is GRANTED.

## I. BACKGROUND

    The Immigration and Nationality Act allows an individual "who is physically present in the United States or who arrives in the United States" to apply for asylum, subject to certain exceptions. 8 U.S.C. §§ 1158(a)(1) and (2). Those exceptions are codified in 8 U.S.C. § 1182, which establishes categories of individuals who are deemed "inadmissible." As relevant here, § 1182(a)(3) governs "[s]ecurity and related grounds" for admissibility. That statutory provision renders inadmissible an alien who has "engaged in terrorist activity." 8 U.S.C. §

---

[1] Attorney General Merrick B. Garland is automatically substituted for former Attorney General William Barr and Secretary of Homeland Security Alejandro Mayorkas is substituted for former Acting Secretary of Homeland Security Chad Wolf by operation of law. *See* Fed. R. Civ. P. 25(d).

1182(a)(3)(B)(i)(I).  As relevant here, the term "engage in terrorist activity" includes "commit[ting] an act that the actor knows, or reasonably should know, affords material support" to a terrorist organization.  8 U.S.C. § 1182(a)(3)(B)(iv)(VI).  A person who is deemed inadmissible under § 1182(a)(3)(B)(i)(I) is ordinarily barred from being granted asylum.  *See* 8 U.S.C. § 1158(b)(2)(A)(v).

Under § 1158(d)(3)(B)(i), however, either the Secretary of State or the Secretary of Homeland Security "may determine in such Secretary's sole unreviewable discretion" to waive application of § 1182(a)(3)(B) to individuals or groups, so long as they satisfy certain other requirements that are set forth in that subsection.  8 U.S.C. § 1182(d)(3)(B)(i).  The statute further sets out that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review such a determination or revocation except in a proceeding for review of a final order of removal pursuant to section 1252 of this title, and review shall be limited to the extent provided in section 1252(a)(2)(D)."  *Id.*

Plaintiff Mohamed Musadique was born in and is a citizen of Sri Lanka.  *See* Dkt. No. 23 ("Am. Compl.") ¶ 12.  He entered the United States on May 19, 1997, and he sought political asylum due to fear of persecution were he to remain in Sri Lanka.  *Id.* ¶¶ 13–14.

On October 28, 2008, an immigration judge granted him asylum.  *Id.* ¶ 6; *see also* Dkt. No. 1 ("Compl."), Ex. A.  In doing so, the immigration judge determined that Musadique was not inadmissible under § 1182(a)(3)(B)(i) because, while he provided material support to a terrorist organization, he did so only under duress.  Am. Compl. ¶ 17.

The Department of Homeland Security ("DHS") then appealed that decision to the Board of Immigration Appeals ("BIA").  *Id.* ¶ 18.  The BIA reversed the immigration judge's decision

on October 25, 2010 after determining that duress does not provide a defense to inadmissibility under § 1182(a)(3)(B)(i). *Id.* ¶ 19. It remanded the case and directed the immigration judge to determine whether Musadique was eligible for relief under the Convention Against Torture ("CAT"). *Id.* ¶ 19. On June 23, 2013, the immigration judge issued a final order of removal against Musadique, but in doing so granted deferral of the removal under the CAT. *Id.* ¶ 20; *see also* Compl. Ex. B. The immigration judge observed that Musadique would have been eligible for asylum but for his provision of material support to a terrorist organization. Am. Compl. ¶ 20.

On June 10, 2015, DHS referred Musadique's case to the United States Citizenship and Immigration Services ("USCIS") so that USCIS could consider whether Musadique qualified for and merited a discretionary material support duress exemption under § 1182(d)(3)(B)(i). Am. Comp. ¶ 21; *see also* Compl. Ex. C. USCIS issued its decision on March 2, 2018. *Id.* ¶ 22. The agency determined that Musadique was not eligible for the exemption on a number of bases, including that he provided inconsistent testimony and that he failed to disclose, in the relevant applications and in interviews with government officials, the nature and circumstances of each provision of material support. *Id.* ¶¶ 22–23; *see also* Compl. Ex. C.

Musadique then filed this action on September 9, 2019. *See* Dkt. No. 1. Defendants moved to dismiss the Complaint on April 1, 2020. Dkt. No. 16. On June 15, 2020, Musadique filed an Amended Complaint, which added six new paragraphs that discussed the writ of habeas corpus and the Suspension Clause of the U.S. Constitution. *See* Am. Compl. Defendants filed their motion to dismiss the Amended Complaint on July 13, 2020, Dkt. No. 26. The motion is fully briefed. Dkt. Nos. 32, 33.

    **II.    LEGAL STANDARD**

A Rule 12(b)(1) motion is a threshold challenge to this Court's subject-matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) if the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). When resolving a Rule 12(b)(1) motion, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (citations and internal quotation marks omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[U]nder Rule 12(b)(1), [a court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings." *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013). And "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." *Frisone v. Pepsico Inc.,* 369 F. Supp. 2d 464, 469 (S.D.N.Y.2005) (citation omitted).

For a complaint to survive a motion to dismiss under Rule 12(b)(6), meanwhile, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations that "are not entitled to the assumption of truth," and neither "'naked assertion[s]' devoid of 'further factual enhancement'" nor "the-defendant-unlawfully-harmed-me accusation[s]" are sufficient to establish that a petitioner is entitled to relief. *Iqbal*,

556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. 544, 557 (2007)). In addition, a court need not accept as true "legal conclusions" or "'a legal conclusion couched as a factual allegation.'" *Id.*

### III. DISCUSSION

Musadique asserts claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, the Federal Mandamus Act, 28 U.S.C. § 1361, the federal habeas statute, 28 U.S.C. § 2241(c)(1) & (3), and the Suspension Clause of the United States Constitution, U.S. Const. art I. §9, cl. 2. *See* Am. Compl. ¶ 3.

#### A. The Court lacks subject matter jurisdiction under 8 U.S.C. § 1182(d)(3)(B)(i)

In his petition, Musadique seeks to challenge USCIS's determination that he is not eligible for a waiver of the grounds for his inadmissibility on the basis that his material support for terrorism was provided under duress. Specifically, he argues that USCIS's adjudication of his inadmissibility exception ran contrary to the legal principles of *res judicata*, collateral estoppel, and the law of the case doctrine, and he seeks relief to reverse or challenge USCIS's substantive determination not to waive the admissibility requirements. *See* Am. Compl. at 13. The Court concludes that it lacks jurisdiction to hear such a claim.

As already noted, the first sentence of § 1182(d)(3)(B)(i) references the Secretary of State's and the Secretary of Homeland Security's "sole unreviewable discretion" to determine whether subsection (a)(3)(B)—the subsection that renders Musadique inadmissible—"shall not apply with respect to an alien within the scope of that subsection." *Id.* As one district court has noted, "section 1182(d)(3)(B)(i) . . . commits to the respective Secretaries' sole unreviewable discretion the decision that certain inadmissibility grounds should *not* apply to an individual or group," and "the decision to *waive* certain admissibility requirements is committed to the Secretaries' sole discretion." *Ahmed v. Mayorkas*, 719 F. Supp. 2d 1080, 1085 (N.D. Cal. 2009).

The district courts that have analyzed § 1182(d)(3)(B)(i) have determined that while the statute's jurisdictional bar does not extend to collateral or related challenges—including challenges to the inadmissibility determination itself or to delays—it covers challenges to the Secretary's adjudication of waiver eligibility.  *See, e.g.*, *Ahmed*, 719 F. Supp. 2d at 1084–85; *Khan v. Scharfen*, No. 08-1398 SC, 2009 WL 941574, at *6 (N.D. Cal. Apr. 6, 2009) ("By its own language, the statute in question . . . precludes judicial review of exemptions to terrorism-related inadmissibility.").

Section 1182(d)(3)(B)(i) also provides that "[n]otwithstanding any other provision of law," including 28 U.S.C. §§ 2241, 1361, and 1651, "no court shall have jurisdiction to review such a determination or revocation except in a proceeding for review of a final order of removal pursuant to section 1252 of this title, and review shall be limited to the extent provided in section 1252(a)(2)(D)." 8 U.S.C. § 1182(d)(3)(B)(i).  Section 1252(a)(2)(D), meanwhile, allows challenges that raise "constitutional claims or questions of law," but it notes that such a challenge must be raised in a "petition for review filed with an appropriate court of appeals."  8 U.S.C. § 1252(a)(2)(D).  The Second Circuit has acknowledged that it "retain[s] jurisdiction over constitutional claims and questions of law" even as it relates to discretionary decisions, including denials of waiver of removal under a different section of the INA.  *See, e.g.*, *Hoffman das Silva v. Holder*, 330 F. Appx. 255, 256–257 (2d Cir. 2009); *Jun Min Zhang v. Gonzales*, 457 F.3d 172, 175–76 (2d Cir. 2006) (noting that the Court lacked jurisdiction to review a waiver of inadmissibility because the petition "[did] not raise any 'constitutional claims or questions of law. . . .'" (citation omitted)).

Crucially, however, the Second Circuit has also observed that any such claim *must* be filed with an appropriate court of appeals.  It would be the Court of Appeals that "would have

jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review," not this Court. *See Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) (noting that the district court lacked jurisdiction over plaintiff's claim because the language in 8 U.S.C. § 1252(a)(2)(D) requires that the claim be raised "upon a *petition for review filed with an appropriate court of appeals*." (emphasis in original)). That Musadique frames his petition around "constitutional claims" and "questions of law"—namely, his claim that USCIS's adjudication of his inadmissibility exception ran afoul of *res judicata*, collateral estoppel, and the law of the case doctrine, *see* Am. Compl. at 13 (Prayer for Relief)—is of no moment to the question of whether *this* Court has jurisdiction. The statutory language that bars this Court from hearing his petition is unambiguous. *See Shabaj*, 718 F.3d at 51 (in the context of USCIS hardship determinations and the scope of § 1252(a)(2)(D), noting that "while [the Second Circuit] would have jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review, the *district court* did not have jurisdiction to review Shabaj's challenge to CIS's discretionary hardship determination.").

In his opposition brief, Musadique appears to argue that this Court has jurisdiction over the claim because, in the alternative, he would lack any forum to seek review of the legal merits of USCIS's determination. *See* Dkt. No. 32 ("Pl. Opp. Br.") at 2–3. This is so because § 1182(d)(3)(B)(i) requires that any review of the Secretary's determination of whether an applicant is entitled to a waiver happen within 30 days of a final removal order. *See* 8 U.S.C. §§ 1182(d)(3)(B)(i), 1252(b)(1) (triggering a 30-day window by which an asylum applicant may seek federal judicial review of a final removal order). Under DHS procedures, however, DHS considers whether to grant a waiver "only *after* a final removal order is entered." *FH-T v. Holder*, 723 F.3d 833, 847 (7th Cir. 2013). Indeed, the facts of this case illustrate the general

point: Even though the immigration judge deferred removal under the CAT, the final order of removal was issued on June 23, 2013.  Am. Compl. ¶ 20; *see also* Compl., Ex. B.  USCIS issued its decision on Musadique's eligibility for a waiver on March 2, 2018.  Am. Compl. ¶ 22; Compl., Ex. C.  Thus, it appears that at no point has Musadique been able to petition the Court of Appeals for the relief he seeks; by the time USCIS made its determination, his 30-day window to seek judicial review of the final removal order had long since passed.  While this apparent gap in reviewability is troubling, it cannot override the clear statutory text stripping this Court of jurisdiction.  *See FH-T v. Holder*, 723 F.3d 833, 847 (7th Cir. 2013) (acknowledging that individuals may be left without judicial recourse as a result of this statutory structure and describing potential legislative remedies).

     Musadique cites no authority to rebut the basic proposition that the INA precludes this Court from hearing his petition.  At most, he cites cases that point to the well-established presumption of judicial review over executive actions.  *See* Pl. Opp. Br. at 1–2 (citing *Kucana v. Holder*, 558 U.S. 233, 251 (2010); *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 496 (1991)).  Neither of those cases provides useful guidance here.  In *Kucana*, the question presented to the Court was whether decisions specified as discretionary by regulation, rather than by statute, fell within the scope of the jurisdictional bar contained in 8 U.S.C. § 1252(a)(2)(B)(ii).  *Kucana*, 558 U.S. at 248.  Indeed, the Supreme Court left little ambiguity about this, summarizing its holding by noting that "[w]hile Congress pared back judicial review in IIRIRA, it did not delegate to the Executive authority to do so." *Id.* at 252–53.  *McNary* is similarly unavailing: The question before the Supreme Court was whether 8 U.S.C. § 1160(e)(1)'s bar on judicial review "of a determination respecting an application for adjustment of status" extended to collateral challenges to practices and policies that the agency used in

processing applications. *McNary*, 498 U.S. at 479–80. Unlike in *McNary*, however, what Musadique seeks to challenge—the legal merits of USCIS's adjudication of the waiver eligibility issue—is directly on point with the review § 1182(d)(3)(B)(i) sought to bar. And while Musadique cites *Guerrero-Lasprilla v. Barr*, 140 S. Ct 1062 (2020), for the scope of the term "questions of law" in § 1252(a)(2)(D), *see* Pl. Opp. Br. at 5, his argument is inapposite. The issue here is not *whether* Musadique raises questions of law but rather *where* he may do so. The plain text of the statute leaves no doubt that such a claim may only be raised in a petition for review filed with an appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(2)(D).

In sum, none of Musadique's arguments can overcome the plain text of the INA. The statutory language limits judicial review of waiver eligibility determinations and provides that to the extent judicial review exists, it must proceed by a petition for review filed with the appropriate court of appeals. *See Shabaj*, 718 F.3d at 51. The Court thus concludes that it lacks jurisdiction to review USCIS's determination.

### B. The Administrative Procedure Act

The Court also lacks jurisdiction to hear Musadique's Administrative Procedure Act ("APA") claim. The APA expressly precludes judicial review where a decision is committed to agency discretion by law. *See* 5 U.S.C. § 701(a)(2). That is plainly the case here: the INA expressly references the *sole unreviewable discretion* to make a determination as to inadmissibility waivers. *See* 8 U.S.C. § 1182(d)(3)(B)(i).

Separately, the judicial review provisions of the APA do not apply "to the extent that . . . [other] statutes preclude judicial review." 5 U.S.C. § 701(a)(1); *see also Shabaj*, 718 F.3d at 52 (noting that appellant's APA challenge to USCIS's denial of his application for a waiver of admissibility was barred because "the judicial review provisions of the APA do not apply 'to the

Case 1:19-cv-08381-AJN   Document 35   Filed 03/22/21   Page 10 of 13

extent that . . . statutes preclude judicial review.'" (citing 5 U.S.C. § 701(a)(1)); *Singh v. United States Citizenship & Immigration Servs.*, No. 15-CV-1411 (JMF), 2016 WL 1267796, at *3 (S.D.N.Y. Mar. 30, 2016), *aff'd*, 878 F.3d 441 (2d Cir. 2017), *as amended* (Jan. 9, 2018).  As already noted, the INA precludes this Court from reviewing Musadique's challenge to USCIS's determination.  In light of this, the APA cannot provide a basis for jurisdiction over Musadique's claim.

Musadique does not attempt to rebut these arguments in his opposition brief, notwithstanding that Defendants squarely presented them in their brief in support of their motion to dismiss.  It thus appears that he has abandoned this claim.  *See Adams v. N.Y. State Educ. Dep't,* 752 F. Supp. 2d 420, 452 n.32 (S.D.N.Y.2010) (Peck, M.J.) (collecting cases where district courts have deemed plaintiffs' failure to oppose specific arguments as a waiver of those issues).

### C.  28 U.S.C. § 1361

Musadique also brings a mandamus claim under 28 U.S.C. § 1361.  To obtain relief under § 1361, a plaintiff must establish that (1) he has a clear right to the relief sought; (2) the defendants have a plainly defined and peremptory duty to do the act in question; and (3) there is no other adequate remedy available.  *See, e.g.*, *Benzman v. Whitman*, 523 F.3d 119, 132–33 (2d Cir. 2008) (citing *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989)); see also *Ahmed*, 327 F. Supp. 3d at 672; *Glara Fashion, Inc. v. Holder*, No. 11-CV-889 (PAE), 2012 WL 352309, at *11 (S.D.N.Y. Feb. 3, 2012).

Like his APA argument, Musadique's mandamus argument fails because matters "solely within [USCIS's] discretion . . . are not reviewable under the Administrative Procedure Act *or 28 U.S.C. § 1361*." *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir. 1978) (emphasis added);

*see also Hsieh v. Kiley,* 569 F.2d 1179, 1182 (2d Cir. 1994) (finding that district court lacked jurisdiction under the APA or the mandamus statute to compel the INS to pursue inquiry into rescinding alien's status since matter is solely within INS's discretion).  Musadique has not, and cannot, demonstrate that he has a "clear right" to an order declaring USCIS's determination unlawful since "the decision to issue or deny [the waiver application] is firmly rooted in the discretion" of the relevant agencies.  *See Khanom v. Kerry*, 37 F. Supp. 3d 567, 577 (E.D.N.Y. 2014).  Even drawing all reasonable inferences in Musadique's favor, the Court concludes that Musadique has failed to establish the first element of a cognizable § 1361 claim, and his mandamus claim fails on this basis.

Here, too, Musadique fails to oppose or even respond to Defendants' fully briefed argument in their motion to dismiss.  The Court thus deems this claim abandoned, as well.  *See Adams*, 752 F. Supp. 2d at 452 n.32.

### D.  Musadique fails to state a *habeas* claim

The Amended Complaint also asserts that Musadique brings his claim under the federal habeas statute, 28 U.S.C. § 2241(c)(1) & (3), and the Suspension Clause of the United States Constitution, U.S. Const. art I. §9, cl. 2.  *See* Am. Compl. ¶ 3.  The Amended Complaint provides no legal authority for either claim, however, and Musadique's opposition brief does not mention, let alone develop, any argument as to why he is entitled to *habeas* relief.

In any event, Musadique fails to develop any cognizable reason why he would be entitled to habeas relief.  He cites 28 U.S.C. § 2241(c)(1) and (3), but neither of those provisions are relevant to this case. 28 U.S.C. § 2241(c) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or . . . (3) He is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  None of the allegations in the Amended Complaint even suggest that Musadique is "in custody."  Defendants argue in their brief in support of their motion to dismiss that "Plaintiff is not currently detained and does not seek to secure release from allegedly unlawful detention." Def. Br. at 10.  Musadique does not address that argument in his opposition brief.  Having presented no legal authority to support the proposition that he is entitled to relief under § 2241, Musadique's claim cannot now survive.

Similarly, Musadique fails to explain why the Suspension Clause applies to this case, as the relief he seeks extends far beyond its scope.  The Supreme Court's recent decision in *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020), is instructive.  There, the Respondent sought a vacatur of his removal order and an order directing DHS to provide him with an opportunity to apply for asylum and relief from removal.  *See id.* at 1969–70.  In rejecting his habeas claim, the Court reasserted the principle that "[h]abeas is at its core a remedy for unlawful executive detention," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), explaining that "[c]laims so far outside the 'core' of habeas may not be pursued through habeas." *Thuraissigiam*, 140 S. Ct. at 1971 (citation omitted).

In light of this, Musadique has failed to assert even a colorable habeas claim that would entitle him to relief.

### IV.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Amended Complaint is GRANTED.  Defendants' motion to dismiss the original Complaint is denied as moot.  This resolves Dkt. Nos. 16 and 26.

The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: March 22, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge